OPINION
Appellant Lloyd Wallace appeals the decision of the Stark County Court of Common Pleas that found him to be a "sexual predator" under R.C. Chapter 2950. The following facts give rise to this appeal. The Stark County Grand Jury indicted appellant on April 4, 1995, for one count of rape and two counts of gross sexual imposition. It was alleged that during 1993, appellant raped and sexually abused the two children of his live-in girlfriend. Appellant entered a plea of not guilty to the charges contained in the indictment on July 14, 1995. On September 18, 1995, the prosecutor merged one count of gross sexual imposition into the rape charge. Thereafter, appellant entered a guilty plea to the charges of rape and gross sexual imposition. The trial court sentenced appellant to a prison term of six to twenty-five years. Following the effective date of H.B. No. 180, the warden of the North Central Correctional Institution filed a H.B. No. 180 screening form recommending that appellant be adjudicated a "sexual predator." Appellant was transported to the Stark County Jail for purposes of this hearing. On February 18, 1999, defense counsel filed several motions seeking dismissal of the proceedings on grounds of unconstitutionality. The trial court overruled appellant's motions, by judgment entry, on February 22, 1999. On February 26, 1999, the trial court conducted the classification hearing and found appellant to be a "sexual predator." The trial court filed a judgment entry journalizing the decision on March 2, 1999. Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE HOUSE BILL 180 (HEREINAFTER H.B. 180) PROCEEDINGS AGAINST HIM ON EX POST FACTO GROUNDS.
II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON RETROACTIVE APPLICATION GROUNDS.
III. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS.
IV. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE.
V. THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST FOR A CONTINUANCE OF THE H.B. 180 CLASSIFICATION HEARING.
VI. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
 I
In his First Assignment of Error, appellant contends the trial court erred in overruling his motion to dismiss on the grounds that the retroactive provisions of H.B. No. 180 violate the federal prohibition against ex post facto legislation. We disagree. In the case of State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court held:
R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto Clause of Section 10, Article I of the United States Constitution. Id. at paragraph two of the syllabus.
We reached a similar conclusion in State v. Nosic (Feb. 1, 1999), Stark App. No. 1997CA00248, unreported, at 2. Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant challenges the trial court's ruling on his motion to dismiss based upon the state constitutional prohibition against retroactive legislation. Appellant claims H.B. No. 180 violates the Retroactivity Clause of Section 28, Article II of the Ohio Constitution. We disagree. The Ohio Supreme Court addressed this issue in the Cook decision. The Court held: R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution. Cook at paragraph one of the syllabus.
Pursuant to the Cook decision, we reached a similar decision in State v. McIntyre (Feb. 1, 1999), Stark App. No. 1997CA00366, unreported, at 2 and Nosic at 2. Appellant's Second Assignment of Error is overruled.
 III
Appellant maintains, in his Third Assignment of Error, that the trial court erred in overruling his motion to dismiss on double jeopardy grounds. We disagree. We previously addressed this issue in the McIntyre and Nosic cases. See McIntyre at 2-3 and Nosic at 3. For the reasons stated in these cases, we find R.C. Chapter 2950 does not violate the double jeopardy clauses of the United States and Ohio Constitutions. Appellant's Third Assignment of Error is overruled.
 IV
In his Fourth Assignment of Error, appellant contends the trial court erred in overruling his motion to dismiss on vagueness grounds. We disagree. We also addressed this issue in McIntyre and Nosic. See McIntyre at 3-5 and Nosic at 3-6. For the reasons stated in these cases, we find R.C. Chapter 2950 is not unconstitutionally vague. Appellant's Fourth Assignment of Error is overruled.
 V
Appellant contends, in his Fifth Assignment of Error, the trial court erred in overruling his motion for a continuance. We disagree. Immediately prior to the commencement of the classification hearing, appellant requested that the hearing be continued until the parole board renders a decision on his parole eligibility. Appellant represented that it would be unlikely he would be granted parole. In the recent decision of State v. Brewer (1999), 86 Ohio St.3d 160, paragraphs one and two of the syllabus, the Ohio Supreme Court held:
1. A sexual predator hearing conducted pursuant to R.C.2950.09(C)(2) must take place prior to the offender's release from confinement.
2. A sexual predator hearing pursuant to R.C. 2950.09(C)(2) must be scheduled far enough in advance of the offender's release date to allow officials to satisfy their statutory notification duties under R.C. 2950.03(A)(1).
Pursuant to the Brewer decision, we find the trial court must conduct the classification hearing prior to a defendant's release from prison. As such, we find no err in the trial court conducting the hearing prior to appellant's parole hearing since this hearing must be conducted prior to appellant's release from prison. Appellant's Fifth Assignment of Error is overruled.
 VI
In his final assignment of error, appellant maintains the trial court erred in finding him to be a "sexual predator" because the trial court's finding is not supported by clear and convincing evidence. We disagree. Appellant's Sixth Assignment of Error essentially sets forth a manifest weight of the evidence claim. We find this to be the applicable standard of review. See Cook at 426. Since R.C. Chapter 2950 is remedial in nature and not punitive, we will review this claim under the standard of review contained in C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279. Under this standard of review, we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris at syllabus. The essential factors a trial court is to consider in determining whether a person should be classified a "sexual predator" are contained in R.C.2950.09(B)(2). This statute provides: In making a determination under division (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
(j) Any additional behavioral characteristics that contribute to the offender's conduct.
At the hearing on February 26, 1999, the trial court considered the above factors and made the following findings on the record: * * * In this case the Defendant was twenty-eight years old, and the victims at the time were ten and nine. The Court finds that to be a significant difference in age. Further, the prior criminal record is, is I suppose technically nonexistent, the one act having occurred in, in `92 to `93 and the second conviction occurring out of — it was at least rendered in 1994. So when that act from Summit County actually occurred the Court is not familiar with. So as far as a prior criminal record regarding alleged sex offenses, Defendant has none. The age of the victims — a ten year old female and a nine year old male — the Court finds that that is a significant factor. The fourth factor is whether the offense involved multiple victims, and with that the Court would look and see obviously the offense in front of me is a multiple victim offense, and I think it is significant. That the victims one is a male and one is a female which I find to be a significant factor that Mr. Wallace through his personality at that time was attracted to both young males and young females. I believe that is a factor that will — it is a factor that weighs on the Court, and it is a negative factor to Mr. Wallace. There's no indication that drugs or alcohol were used to impair the victim. Prior to sentencing there's no indication that he had commit — completed any, any, any available programs for sexual offenders, and I don't think there is — and the evidence is and the Court certainly realizes that since being in prison he has attended and passed successfully certain phases of the Magellan Program. Again there's no evidence of any mental illness or claimed disability at the time of the offense. The last one's an issue that for the ages and nature of the offender's sexual activity with the victim and whether it was part of a demonstrated pattern of abuse, and I think this is the most significant factor of all, I believe showing that the Defendant was in the residence as an in loco parentis and he took advantage of that position. He over a period of at least one year continued on different occasions to have sexual contact with both a male and female of terribly young and tender age. If you put into that formula his conviction for gross sexual imposition out of Summit County with another child I believe under the age of thirteen, I think the evidence is more than clear and convincing that your client has engaged in a pattern of sexual abuse just putting those two dates and times together. Tr. Classification Hrng., February 26, 1999, at 14-16. Based on the above factors, the trial court concluded appellant should be classified a "sexual predator." Pursuant to our review of the record, we find there is relevant, competent and credible evidence to support the trial court's conclusion, by clear and convincing evidence, that appellant should be classified a "sexual predator." The trial court's conclusion is not against the manifest weight of the evidence. Appellant's Sixth Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, P.J. Gwin, J., and Hoffman, J., concur.