OPINION
Defendant Kevin Elbert appeals a judgment of the Court of Common Pleas of Stark County, Ohio, finding him to be a sexual predator as defined in R.C. 2950.01 (E), and subject to the registration and notification requirements contained in R.C. 2950.11. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
 I.
THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A SEXUAL PREDATOR IN THE ABSENCE OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT SAID FINDING AND WHERE THE RECORD REFLECTS THAT THE COURT RELIED UPON CLEARLY ERRONEOUS "EVIDENCE" IN MAKING SAID DETERMINATION.
 II.
THE TRIAL COURT LACKED JURISDICTION TO HOLD A SEXUAL PREDATOR HEARING.
 I.
In his first assignment of error, appellant urges the court erred in finding him to be a sexual predator in the absence of clear and convincing evidence and where the court and prosecutor misstated the facts prior to the trial court's determination. The trial court held a hearing pursuant to R.C. 2950.09 on April 28, 1999. At the hearing, the prosecutor offered into evidence the original indictment and bill of particulars. The prosecutor addressed the court, and advised it appellant was currently incarcerated on two counts of felonious sexual penetration and one count of gross sexual imposition. In fact, appellant had been indicted for two counts of felonious sexual penetration and one count of gross sexual imposition, but pled guilty to reduced charges of gross sexual imposition. Appellant urges he did not plead guilty to felonious sexual penetration, nor did he plead guilty to the facts alleged in the bill of particulars presented to the court. The record indicates appellant objected to the prosecutor's statements as being inaccurate, and advised the court there were incorrect factual statements made by the prosecutor regarding how appellant had pled in the criminal case. The court then took a recess to review the case file. Thereafter the court determined appellant is a sexual predator pursuant to R.C. Chapter 2950. Pursuant to R.C.2950.09, the State bears the burden of proving by clear and convincing evidence the accused is a sexual predator. The statute sets forth a non-exclusive set of factors. Those factors include: (a) The offender's age; (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed; (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims; (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender; (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (I) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's conduct.
The trial court stated on the record it had reviewed the evidence in the case, and found appellant was approximately 30 years of age at the time of the offenses, while one of the victims was about 9 years old, and the two others were approximately 8 years old. The court noted appellant had prior sexually related offenses, and he had a special relationship with these children which helped him commit the offense. The court further found that there had been a significant amount of on-going sexual conduct of various types with these children. The court also found what the court referred to as a "grooming process", to which the prosecutor also referred in the State's opening statements. The prosecutor alleged appellant admitted he had what appellant referred to as "grooming strategy" consisting of buying the victim presents and befriending the victim as enticement to enable him to commit the offense. The trial court found this constituted clear and convincing evidence appellant should be classified as a sexual predator. We find the trial court properly reviewed the file, and evaluated its contents according to statutory factors. This court has repeatedly found our standard of reviewing challenges to the evidence in support of a court's sexual predator finding must be reviewed under the manifest weight of the evidence standard set forth in C.E. Morris Company v. Foley Construction Company (1978), 54 Ohio St.2d 279, see, e.g., State v. Smith (June 30, 1999), Perry Appellate No. CA98-2, unreported. We must review the record to determine whether there is relevant, competent and credible evidence upon which the fact finder could base the judgment. Our review of the record in this case leads us to conclude the trial court's findings are support by clear and convincing evidence. The first assignment of error is overruled.
 II.
In his second assignment of error, appellant urges the trial court lacked jurisdiction to hold the sexual predator hearing, because it did not hold the hearing within 10 days of appellant's release from jail pursuant to the Supreme Court mandate in State v. Brewer (1999), 86 Ohio St.3d 160. In Brewer, the Supreme Court held R.C. 2950 requires a hearing before the offender is released from confinement. The Supreme Court found because the Code requires the offender be provided with notice regarding his registration duties and classification at least 10 days before his release, this must mean the hearing and determination must be completed at least 10 days prior to the offender's release, Brewer at 165. At the hearing, defense counsel reminded the court appellant was entitled to written notification of the court's determination, and advised the court appellant was to be released from jail "next week". The court agreed appellant was "probably going to be released from the jail because he is finished with his time." (Tr. of Proceedings, April 28, 1999, at 26.) Appellant urges the record demonstrates the hearing could not have been conducted at least 10 days prior to his release from jail. We do not agree. The record is silent as to appellant's release date. While the State has a burden of proving to the trial court, by clear and convincing evidence, that appellant should be classified a sexual predator, on appeal, appellant bears the burden of demonstrating on the record the errors of which he complains. The record before us is silent as to appellant's actual release date, and we decline to construe the vague references regarding appellant's release as demonstrating prejudicial error. The second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
By GWIN, P.J.
HOFFMAN, J., and EDWARDS, J., concur.