[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 160.]

**THE STATE OF OHIO, APPELLANT, *v.* BREWER, APPELLEE.**

**THE STATE OF OHIO, APPELLANT, *v.* RHODES, APPELLEE.**

**THE STATE OF OHIO, APPELLANT, *v.* SOWARDS, APPELLEE.**

**THE STATE OF OHIO, APPELLANT, *v.* HANRAHAN, APPELLEE.**

**[Cite as *State v. Brewer*, 1999-Ohio-146.]**

*Criminal procedure—Classification as sexual predator—Sexual predator hearing conducted pursuant to R.C. 2950.09(C)(2) must take place prior to offender's release from confinement—Hearing must be scheduled far enough in advance of offender's release date to allow officials to satisfy statutory notification duties under R.C. 2950.03(A)(1).*

1.    A sexual predator hearing conducted pursuant to R.C. 2950.09(C)(2) must take place prior to the offender's release from confinement.

2.    A sexual predator hearing pursuant to R.C. 2950.09(C)(2) must be scheduled far enough in advance of the offender's release date to allow officials to satisfy their statutory notification duties under R.C. 2950.03(A)(1).

(Nos. 98-390, 98-739, 98-740 and 98-741—Submitted January 27, 1999—

Decided July 28, 1999.)

APPEALS from the Court of Appeals for Clermont County, No. CA97-03-030, and Franklin County, Nos. 97APA06-793, 97APA07-907 and 97APA03-394.

————————————

{¶ 1} Four cases have been consolidated *sua sponte* in these discretionary appeals. The facts of each are as follows:

### *Case No. 98-390*
### *Brian D. Brewer*

**{¶ 2}** On December 20, 1994, Brian D. Brewer pled guilty to one count of sexual battery, a third-degree felony, and one count of gross sexual imposition, a fourth-degree felony. Brewer was sentenced on January 10, 1995. The commission of the crime, conviction, and sentencing all occurred prior to January 1, 1997, the effective date of R.C. 2950.09. Brewer completed his sentence and was released from prison on January 13, 1997. Subsequent to his release, Brewer received notice to appear in the Clermont County Common Pleas Court for a hearing to determine whether he should be classified as a sexual predator pursuant to R.C. 2950.09. The court classified him as a sexual predator. Brewer appealed. The Twelfth District Court of Appeals reversed, holding that the trial court lacked jurisdiction to hold a sexual predator hearing under the statute after an offender had already been released from confinement.

### *Case No. 98-739*
### *Christopher L. Rhodes*

**{¶ 3}** In May 1990, Christopher L. Rhodes pled guilty to one count of attempted rape of a victim under the age of thirteen. Rhodes was sentenced to an indefinite prison term of three to fifteen years. The commission of the crime, the conviction, and the sentencing all occurred prior to the effective date of R.C. 2950.09. Prior to his release, Rhodes was screened by the Department of Rehabilitation and Correction ("ODRC") pursuant to R.C. 2950.09(C)(1), and it was determined that he "may fit the criteria of a sexual predator."

**{¶ 4}** Rhodes was released from prison on or about January 13, 1997. Subsequently, the trial court scheduled a sexual predator hearing pursuant to R.C. 2950.09(C)(2) for April 11, 1997. Rhodes filed a motion to dismiss. Following a briefing by both parties, the trial court granted the motion to dismiss on the grounds that the court did not have jurisdiction under the statute to conduct a hearing after

the offender had already been released from prison.  The state appealed.  The Tenth District Court of Appeals affirmed the dismissal.

### Case No. 98-740

### State v. Sowards

**{¶ 5}** In 1987, Douglas L. Sowards pled guilty to three counts of gross sexual imposition.  He was sentenced in the same year.  Sowards was released from prison on January 5, 1997, four days after the effective date of R.C. 2950.09.  In May 1997, the trial court held a post-release hearing and determined that Sowards should be classified a sexual predator.  Sowards appealed and the Tenth District Court of Appeals reversed, holding that the statute did not permit the trial court to conduct a post-release hearing.

### Case No. 98-741

### Michael Hanrahan

**{¶ 6}** Michael Hanrahan pled guilty to four counts of gross sexual imposition in May 1994.  Prior to the effective date of R.C. 2950.09, Hanrahan was sentenced to four years of imprisonment.  His release date was set for March 7, 1997.  On March 4, 1997, Hanrahan was notified that a hearing had been set for March 6, the day before his scheduled release.  He was not informed of the nature of the hearing at that time.  Defense counsel objected to the lack of meaningful notice both prior to and during the hearing.  The prosecutor also indicated that the notice was insufficient to allow either the state or the defense to produce all relevant witnesses.  The trial court acknowledged that the notice did not provide Hanrahan with sufficient opportunity to prepare or to procure witnesses and offered to continue the hearing.  Defense counsel declined the continuance in order to avoid waiving the argument that hearings conducted pursuant to R.C. 2950.09 must be held prior to the release of the defendant.  The prosecution also declined the continuance in order to ensure the completion of the hearing prior to Hanrahan's scheduled release date.  The trial court found Hanrahan to be a sexual predator.

Hanrahan appealed, alleging that he was denied due process of law because he did not receive proper notice of the hearing. The Tenth District Court of Appeals reversed.

————————————

*Donald W. White*, Clermont County Prosecuting Attorney*, Daniel J. Breyer,* Chief Assistant Prosecuting Attorney, and *David H. Hoffmann*, Assistant Prosecuting Attorney, for appellant state of Ohio in case No. 98-390.

*Ron O'Brien*, Franklin County Prosecuting Attorney, and *Steven L. Taylor*, Assistant Prosecuting Attorney, for appellant state of Ohio in case Nos. 98-739, 98-740 and 98-741.

*R. Daniel Hannon*, Clermont County Public Defender, and *Joy M. Albi*, Assistant Public Defender, for appellee Brian Brewer in case No. 98-390.

*Judith M. Stevenson*, Franklin County Public Defender, and *Paul Skendelas*, Assistant Public Defender, for appellee Christopher Rhodes in case No. 98-739.

*Judith M. Stevenson*, Franklin County Public Defender, and *Allen V. Adair*, Assistant Public Defender, for appellee Douglas Sowards in case No. 98-740.

*Patrick A.T. West*, for appellee Michael Hanrahan in case No. 98-741.

*David H. Bodiker*, Ohio Public Defender, and *Robert L. Lane*, Chief Appellate Counsel, urging affirmance in case No. 98-390 for *amicus curiae*, Ohio Public Defender.

————————————

**MOYER, C.J.**

{¶ 7} The cases before us raise the question of whether the statutory scheme created by the General Assembly allows a sexual predator hearing under R.C. 2950.09(C)(2) to take place after an offender has already been released from confinement. We hold that in order to adjudicate an offender as a sexual predator, the statutes require that a hearing be conducted prior to the release of the prisoner, and further that the hearing must be scheduled far enough in advance of the

offender's release date to allow officials to satisfy their statutory notification duties under R.C. 2950.03(A)(1).

{¶ 8} R.C. Chapter 2950 contains a number of interrelated sections setting forth the substantive and procedural requirements for the classification and registration of sexual offenders. The cases before us all involve offenders who were convicted and sentenced prior to January 1, 1997, and were serving a term of confinement on or after that date. Therefore, our decision and opinion are confined to the statutory provisions that relate to this particular group of offenders.

{¶ 9} Under R.C. Chapter 2950, all convicted sexual offenders are required to register at least yearly for a minimum of ten years. R.C. 2950.04; 2950.06; 2950.07. If the offender has "been adjudicated as being a sexual predator," the registration requirements and related consequences are more onerous. For example, offenders who have been adjudicated as being a sexual predator are required to provide additional information at the time of registration pursuant to R.C. 2950.04(C), to provide more frequent periodic verifications pursuant to R.C. 2950.06(B)(1), and to continue to register and provide periodic verification requirements until the offender's death pursuant to R.C. 2950.07(B)(1). In addition, the registration information provided by a sexual predator is available to victims who request it pursuant to R.C. 2950.10, and is provided to the surrounding community whether or not citizens specifically request it pursuant to R.C. 2950.11. Also, R.C. 2950.13 gives the Attorney General authority to make additional rules addressing offenders who have been adjudicated to be sexual offenders.

{¶ 10} R.C. Chapter 2950 defines the term "adjudicated as being a sexual predator" clearly and unambiguously. R.C. 2950.01(G)(3) reads as follows:

"An offender is 'adjudicated as being a sexual predator' if any of the following applies:

"* * *

"(3)  Prior to [January 1, 1997], the offender was convicted of or pleaded guilty to, and was sentenced for, a sexually oriented offense, the offender is imprisoned in a state correctional institution on or after [January 1, 1997], *and, prior to the offender's release from imprisonment, the court determines pursuant to division (C) of section 2950.09 of the Revised Code that the offender is a sexual predator.*"  (Emphasis added.)

{¶ 11} Thus, if the determination is not made prior to the offender's release, the offender has not been "adjudicated as being a sexual predator" according to the statute and is not subject to the more onerous requirements imposed upon that class of offenders.  In effect, though the court may not lose jurisdiction to hold a hearing, the hearing cannot have the result of adjudicating the offender to be a sexual predator if it is not held prior to the offender's release.

{¶ 12} The determination as to whether an offender should be classified a sexual predator is made pursuant to the procedures set forth in R.C. 2950.09(C). The court may not make a determination that the offender is a sexual predator without a hearing.  R.C. 2950.09(C)(2).  Although R.C. 2950.09(C)(2) does not specifically state that this hearing is to be conducted prior to the offender's release, there is no other logical way to interpret this section.  Because the sexual predator determination must be made prior to the offender's release under the statute, and the only purpose of the hearing is to make that determination, it follows that the hearing must be conducted prior to the offender's release in order to have any effect.

{¶ 13} There are other statutory requirements that must be followed which affect the timing of the hearing.  These requirements are implicated in only one of the consolidated cases, case No. 98-741 (Michael Hanrahan).  Hanrahan's hearing was held one day before his release from prison. The statutes explicitly provide the offender with due process rights including the right to notice of the date, time, and place of the hearing, and the right to testify, present evidence, and to call, examine, and cross-examine witnesses and expert witnesses.   R.C. 2950.09(C)(2);

6

2950.09(B)(1).  The trial court and the prosecutor acknowledged that the notice given Hanrahan on March 4 was not sufficient to enable him to exercise his right to present evidence and call witnesses at a hearing set for March 6.

{¶ 14} R.C. 2950.03 requires that the offender be provided with notice, including information regarding registration duties, and including a statement as to whether the offender has been adjudicated as being a sexual predator.  See R.C. 2950.03(A) and 2950.03(B)(1)(c).  This notice must be provided by the appropriate official "at least ten days before the offender is released."  R.C. 2950.03(A)(1).  As the offender cannot be adjudicated as being a sexual predator without a hearing, the hearing and determination must be completed at least ten days prior to the offender's release in order for the appropriate officials to provide the required notice under the terms of the statute.

{¶ 15} For the aforementioned reasons, we hold that a sexual predator hearing conducted pursuant to R.C. 2950.09(C)(2) must take place prior to the offender's release from confinement and that the hearing must be scheduled far enough in advance of the offender's release date to allow officials to satisfy their statutory notification duties under R.C. 2950.03(A)(1).

{¶ 16} The judgments of the courts of appeals are affirmed.

*Judgments affirmed.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents.

_____