OPINION
Plaintiff-appellant, the state of Ohio, appeals the decision of the Clermont County Court of Common Pleas to dismiss a sexual predator classification hearing due to the fact that defendant-appellee, James R. Mowery, had already been released from incarceration. We affirm the decision of the trial court.
In 1993, appellant pled guilty to two counts of gross sexual imposition. In a January 21, 1997 letter, appellant was recommended by the Department of Rehabilitation and Correction for classification under the sexual predator statute, R.C. 2950, etseq. Before appellant's release, he was classified as a sexually-oriented offender. Appellant was released from prison in August 1998.
A sexual predator classification hearing was scheduled subsequent to appellant's release, but appellant filed a motion to dismiss. In his motion, appellant argued that a sexual predator hearing must occur before he was released from confinement. The trial court agreed, citing this court's decision in State v.Brewer (Jan. 12, 1998), Clermont App. No. CA97-03-030, unreported. Appellant filed a timely notice of appeal and presents one assignment of error for our review:
 THE TRIAL COURT ERRED IN GRANTING THE MOTION TO DISMISS FOR CLAIMED LACK OF JURISDICTION OVER THE APPELLEE.
While the appeal sub judice was pending, the Supreme Court of Ohio affirmed our decision in Brewer. The court held "that a sexual predator hearing conducted pursuant to R.C. 2950.09(C)(2) must take place prior to the offender's release from confinement and that the hearing must be scheduled far enough in advance of the offender's release to allow officials to satisfy their statutory notification duties under R.C. 2950.03(A)(1)." State v.Brewer (1999), 86 Ohio St.3d 160, 165. Based on the Brewer
precedent, appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG and VALEN, JJ., concur.