OPINION
Defendant Henry L. Stepler appeals a judgment of the Court of Common Pleas of Guernsey County, Ohio, which adjudicated him as a sexual predator pursuant to R.C. 2950. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED IN APPLYING THE CLASIFICATION [SIC] HEARING PROVISIONS OF R.C. 2950.09 TO THE APPELANT [SIC] IN THAT THE COURT CANNOT HOLD THE SEXUAL PREDATOR HEARING AFTER THE OFFENDER HAS SERVED HIS TERM OF IMPRISONMENT.
 II. THE TRIAL COURT ERRED IN LABLING [SIC] THE APPELANT[SIC] AS A SEXUAL PREDATOR," THE MOST SERIOUS AND ONEROUS CLASSIFICATION, WHEN THE APPELANT'S [SIC] CRIMINAL HISTORY DID NOT WARRANT THAT LEVEL OF CLASSIFICATION.
The trial court convicted appellant of attempted rape in 1983, and sentenced him to four to five years in prison. Eventually, the appellant was released on parole, but the trial court revoked his parole when he was charged with contributing to the unruliness of a minor for allegedly having sexual intercourse with a minor and tattooing the minor. Appellant's release date was June 17, 1998. On May 21, 1998, the Department of Corrections submitted its recommendation that appellant be required to register as a sexual predator. The trial court initially scheduled a sexual predator hearing for June 17, 1998. On June 3, 1998, the prosecutor moved for a continuance of the hearing. The court sustained the motion and re-scheduled the hearing for June 22, 1998. Appellant was transported to the county jail, and held until June 19, 1998, when defense counsel contacted the court and advised appellant was being held in violation of his rights. After conferring with both counsel, the trial court held the hearing on June 19, in the absence of the prosecuting attorney. Over appellant's objection the court proceeded with the hearing and found appellant is a sexual predator required to comply with the provisions of R.C. Chapter 2950.
 I
In his first assignment of error, appellant urges the trial court erred in applying the provisions of R.C. 2950.09 because appellant had already served his term of imprisonment. We agree. The trial court did not have benefit of the Supreme Court's reasoning in State v. Brewer (1999), 86 Ohio St.3d 160 which was announced after appellant's hearing. In Brewer, the Ohio Supreme Court held the sexual predator hearing must take place prior to the offender's release from confinement, and the hearing must be scheduled far enough in advance of the release date, at least ten days, so that officials may satisfy their statutory notification duties. Brewer is actually four consolidated cases. In three of those cases, the respective trial courts held hearings on the sexual predator classification after the offender was released from prison. In the fourth case, the offender's release date was March 7, 1997. On March 4, 1997, the offender was notified the court had set a hearing for March 6, the day before his scheduled release, but was not notified of the nature of the hearing. At the hearing, defense counsel, the State, and the trial court all agreed the notice did not provide any of the parties with sufficient opportunity to prepare. The trial court offered to continue the hearing, but defense counsel declined, in order to avoid waiving the argument the hearing had to be held prior to defendant's release date. In each of the cases before it in Brewer, supra, the Supreme Court found in order to adjudicate an offender as a sexual predator, the statute requires the hearing be conducted prior to the release of the prisoner, and must be scheduled far enough in advance of the release date for effective notification. The Supreme Court noted the court may not make a determination the offender is a sexual predator without holding a hearing. The Supreme Court found the only logical way to interpret R.C. 2950.09 is to find the hearing must be prior to the release. The Supreme Court found if the hearing is not conducted prior to the offender's release, then it has no effect, Brewer, at 164. The Supreme Court then examined R.C. 2950.03, which requires the State to notify an offender who has been adjudicated a sexual predator of the statutory registration requirements. The notice must be provided by the appropriate official at least ten days before the offender is released. The Supreme Court concluded because the offender may not be adjudicated as a sexual predator without a hearing, the hearing and determination must be completed at least ten days prior to the offender's release in order for the appropriate officials to provide the required notice under the terms of the statute. Here, no one disputes that appellant should have been released on June 17, 1998. Thus, in obedience to Brewer, supra, the court was required to the hearing no later June 7, 1998, in order to have any effect. Here, in fact, appellant was held past his release date in order to hold the hearing before he was released. Nowhere in R.C. 2950 is there any authority for holding an offender past the term of imprisonment for the offense, in order to complete any classification requirements. In fact, in State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court clearly found R.C. 2950 is not punitive. Holding an inmate past his release date in order to conduct the hearing is offensive to the rationale of both in Cook and Brewer. We find the failure of the trial court to hold the hearing at least ten days prior to the release is fatal to the court's jurisdiction to conduct the sexual predator hearing and classify the offender under R.C. 2950. The first assignment of error is sustained.
 II
In light of our holding in I, supra, the second assignment of error is overruled as moot.
For the foregoing reasons, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is vacated.
By Gwin, P.J., Farmer, J., and Edwards, J., concur