OPINION
Appellant Gary Lee Naugle appeals the decision of the Stark County Court of Common Pleas finding him to be a "sexual predator" pursuant to R.C. Chapter 2950. In September 1994, the Stark County Grand Jury indicted appellant on one count of rape. On January 19, 1995, appellant entered a guilty plea to an amended charge of gross sexual imposition. The trial court then sentenced appellant to a definite prison term of two years. This was to be served concurrently with an unrelated case, 1994 CR 0376, wherein appellant pled guilty to one count of kidnaping and one count of felonious assault. In 1994CR0376, the trial court ordered sentences as follows: an indefinite term of seven to twenty-five years for kidnaping, and an indefinite term of seven to fifteen years for felonious assault. These sentences were ordered to be served concurrently with each other and with the sentence in the case sub judice. In a letter dated June 26, 1997, the trial court received a recommendation from the warden of the prison in which appellant was incarcerated. (State's Exhibit 1). The recommendation indicated that appellant should be classified as a "sexual predator" pursuant to R.C. Chapter 2950. The trial court thereafter scheduled a hearing pursuant to R.C. 2950.09. Prior to hearing, appellant filed motions to dismiss on the grounds of ex post facto and retroactivity violations, double jeopardy, and unconstitutional vagueness. The trial court overruled all of these motions. Appellant again attempted to have the sexual predator proceedings dismissed, this time via a motion to dismiss for lack of jurisdiction. Appellant essentially argued that the trial court did not have jurisdiction since appellant had already served his two-year sentence on the gross sexual imposition conviction. However, the trial court overruled said motion on December 14, 1998. On December 16, 1998, the trial court judge conducted the sexual predator classification hearing, following which the court found appellant to be a sexual predator under the statute. Appellant timely filed a notice of appeal and herein raises the following six Assignments of Error:
I
 THE TRIAL COURT LACKED JURISDICTION TO CLASSIFY APPELLANT AS A PREDATOR.
II
 THE TRIAL COURT ERRED IN OVERRULING APPEALLANT'S (SIC) MOTION TO DISMISS THE HOUSE BILL 180 (HEREINAFTER H.B. 180) PROCEEDINGS AGAINST HIM ON EX POST FACTO GROUNDS.
III
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H. B. 180 PROCEEDINGS AGAINST HIM ON RETROACTIVE APPLICATION GROUNDS.
IV
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H. B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS.
V
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H. B. 180 IS UNCONSTITUTIONALLY VAGUE.
VI
 THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
 I
In Assignment of Error I, appellant contends that the trial court lacked jurisdiction to conduct the predator classification hearing. Appellant argues that since the warden's recommendation to classify him as a sexual predator arose over two years after his concurrent sentences began, the classification proceedings were statutorily untimely, as his two-year sentence on the gross sexual imposition charge was already "completed." He directs our attention to R.C. 2950.09(C)(1), which reads as follows: If a person was convicted of or pleaded guilty to a sexually oriented offense prior to January 1, 1997, if the person was not sentenced for the offense on or after January 1, 1997, and if, on or after January 1, 1997, the offender is serving a term of imprisonment in a state correctional institution, prior to the offender's release from the term of imprisonment, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator. In making a determination under this division as to whether to recommend that the offender be adjudicated as being a sexual predator, the department shall consider all relevant factors, including, but not limited to, all of the factors specified in division (B)(2) of this section. If the department determines that it will recommend that the offender be adjudicated as being a sexual predator, it immediately shall send the recommendation to the court that sentenced the offender and shall enter its determination and recommendation in the offender's institutional record, and the court shall proceed in accordance with division (C)(2) of this section.
We are thus compelled under this assignment of error to interpret the meaning of "serving a term of imprisonment" as recorded above. "If the meaning of a statute is unambiguous and definite, then it must be applied as written and no further interpretation is appropriate." State ex rel. Purdy v. Clermont Cty. Bd. of Elections (1997), 77 Ohio St.3d 338, 340; State ex rel. Herman v. Klopfleisch (1995), 72 Ohio St.3d 581, 584. We therefore hold that the cited phrase is unambiguous on its face, and find no basis for the suggested restriction to a reading of "serving a term of imprisonment for a sexually oriented offense." Appellant's contention that he had "completed" the portion of his sentence based on the sexually oriented offense is subsequently moot. Our holding closely follows the reasoning of the Tenth District Court of Appeals in State v. Johnson (September 24, 1998), Franklin App. Nos. 97APA12-1585, 97APA12-1589, unreported, which further held: Moreover, the statutory framework does not support the more restrictive construction defendant articulates. The statute's legislative findings and public policy declaration section speaks in terms of protecting the public from sexual predators who are "released from imprisonment, a prison term, or other confinement," without limiting the confinement to certain sex offenses. R.C. 2950.02(A)(1), 2950.02(A)(2), 2950.02(B). Further, the registration requirements "for the sexually oriented offense" in R.C. 2950.04(A)(1) and 2950.03(A)(1) demonstrate a restriction where the General Assembly intended to provide one, and make less likely a mere legislative omission of such restrictive language in the sections under review. Id. at 2-3. See, also, State v. Brintzenhofe (May 12, 1999), Summit App. No. 18924, unreported, fn. 2.
The purpose of Chapter R.C. 2950 is the protection of the public, not punishment of the offender. State v. Cook (1998),83 Ohio St.3d 404. As such, courts must view the statutory jurisdictional prerequisites in favor of ensuring that sexual predator classification hearings take place before the offender is released into the general population (see, State v. Brewer (1999), 86 Ohio St.3d 160, 164), rather than inordinately focusing on the lineage of concurrent sentences that may have extended the prison stay. Since appellant was still serving his 1995 term of imprisonment at the time of the sexual predator classification hearing, the trial court maintained its jurisdiction under R.C. 2950.09. Appellant's Assignment of Error I is overruled.
 II, III, IV, V
This court has previously reviewed these arguments in State v. Albaugh (February 1, 1999), Stark App. Nos. 1997CA00167 and 1997CA00222, unreported, State v. Bair (February 1, 1999), Stark App. No. 1997CA00232, unreported, and State v. McIntyre (February 1, 1999), Stark App. No. 1997CA00366, unreported. We hereby adopt and incorporate the corresponding assignments of error from these opinions herein. Appellant's Assignments of Error II, III, IV and V are overruled.
 VI
Appellant argues the trial court's classification was inconsistent with the "clear and convincing evidence" standard of R.C. 2950.09(B)(3). We disagree.
As stated previously, the Supreme Court of Ohio in Cook, supra determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279. We find this to be the applicable standard as the Cook court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426. R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination: (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offense;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Based upon its review under above factors, the trial court concluded appellant should be classified a "sexual predator" as defined in R.C. 2950.01(E). The record indicates that the State presented to the trial court the Judgment Entry and Bill of Particulars from the 1995 gross sexual imposition conviction. (State's Exhibits 2 and 3). These documents demonstrate inter alia that appellant, an adult at the time of the offense, victimized a fourteen-year-old female using physical force. Appellant both penetrated his victim and forced her to perform oral sex. The State also reiterated appellant's above-cited prior convictions for kidnaping and felonious assault. Appellant's counsel stated in response that appellant had completed an anger management class, had partially completed a drug and alcohol treatment program, and had applied for a sex offender program at Madison Correctional Institution. In reaching a conclusion at the classification hearing, the trial judge particularly emphasized the age of the victim in the case sub judice. T. at 8. While R.C.2950.09(B)(2) sets out a number of factors for review, the factor of the age of the victim is often quite probative because it reveals much about an offender's inability to refrain from illegal and damaging behavior. State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported, at 8, affirmed (1998),84 Ohio St.3d 12: The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable. Id. Thus, based upon our review of the record, we find the trial court's conclusion is supported by clear and convincing evidence and is not against the manifest weight of the evidence. Appellant's Assignment of Error VI is overruled.
Based on the foregoing, the judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J. Reader, V.J., concurs. Gwin, P.J., dissents.