In 1993, following a bench trial, defendant-appellant Michael J. Beason was convicted of two counts of gross sexual imposition and was sentenced to a term of imprisonment. On December 18, 1998, three days prior to his scheduled release date, Beason was brought from his place of confinement to the Hamilton County Court of Common Pleas for a sexual predator hearing. After hearing the evidence, the trial court adjudicated Beason a sexual predator. From this adjudication, Beason appeals and brings two assignments of error. Because our resolution of Beason's first assignment of error renders his remaining assignment of error moot, we do not address it.
In his first assignment of error, Beason asserts that the trial court erred in adjudicating him a sexual predator where it conducted the sexual predator hearing only three days prior to his release from prison. We agree.
The Ohio Supreme Court recently held in State v.Brewer[1] that "a sexual predator hearing pursuant to R.C.2950.09(C)(2) must be scheduled far enough in advance of the offender's release date to allow officials to satisfy their statutory notification duties under R.C. 2950.03(A)(1)." Noting in the text of its opinion that R.C. 2950.03(A)(1) requires that, "at least ten days before the offender is released," he must be provided with notice of specific information, including his registration duties and whether he has been adjudicated a sexual predator, the court concluded that "a [sexual predator] hearing and determination must be completed at least ten days prior to the offender's release in order for the appropriate officials to provide the required notice under the terms of the statute."[2]
Because Beason's sexual predator hearing was held less than ten days before his release, thereby rendering it impossible for the relevant officials to comply with their statutory notification duties, we reverse the judgment of the trial court and remand the matter with instructions for the trial court to vacate Beason's sexual predator adjudication.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Sundermann and Shannon, JJ.
Judge Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
__________________________________ Presiding Judge
[1] (1999), 86 Ohio St.3d 160, 712 N.E.2d 736, paragraph two of the syllabus.
[2] Brewer, supra, 86 Ohio St.3d at 165, 712 N.E.2d at 740; see R.C. 2950.03(A) and (B)(1)(c).