DECISION
The state of Ohio, plaintiff-appellant, appeals the trial court's determination that Robert W. Kirk, defendant-appellee, is a sexually oriented offender rather than a sexual predator, and sets forth the following assignments of error:
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED BY CONSIDERING MATTERS OF LAW THAT SHOULD HAVE NO ROLE IN THE LIKELIHOOD-TO-OFFEND ASSESSMENT UNDER THE SEXUAL PREDATOR LAW.
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO FIND THAT DEFENDANT IS A SEXUAL PREDATOR.
The state argues that the trial court erred by considering irrelevant and incorrect matters of law in making its determination. In addition, the state argues that the trial court abused its discretion in failing to find that Kirk is not a sexual predator.
In January 1994, the state charged Kirk with three counts of rape, a violation of R.C. 2907.02, and one count of sexual battery, a violation of R.C. 2907.03. The victims were Kirk's sisters. Kirk was charged with raping his younger sister on two different occasions, and raping and committing sexual battery against his older sister on one occasion. Kirk pled guilty to the lesser-included offense of gross sexual imposition, a violation of R.C. 2907.05, on one count involving his younger sister. In exchange for Kirk's guilty plea, the state dismissed the remaining three counts of the indictment.
In 1997, the warden of the correctional institution where Kirk was imprisoned sent a letter to the trial court indicating that they had recently screened Kirk "per H.B. 180." The letter further indicated that the Department of Rehabilitation and Correction ("DRC") recommended that Kirk be adjudicated a sexual predator.
In July 1999, the trial court held a sexual offender classification hearing. At this hearing, the state called Kirk to the stand over the objection of his counsel. Kirk authenticated a copy of his written guilty plea to gross sexual imposition. He admitted having sexual relations with both of his sisters and acknowledged that these relations were inappropriate.
Kirk also testified that, while in prison, he completed a violence awareness program and a college program. He is on the waiting list for sex offender treatment and plans on seeking substance abuse treatment now that it is available to him.
The state introduced a post-sentence investigation report completed by a state parole officer. The report detailed Kirk's criminal history and Kirk's sexual relationship with his two sisters. This report contains an undisputed error in its description of Kirk, which caused the trial court to question its overall accuracy. The report stated Kirk was African-American, and he is not. The state also introduced a sexual predator screening instrument completed by a DRC employee. This instrument uses the statutory factors to indicate whether the sex offender may re-offend. Here, the instrument found that eight of the nine factors did not apply to Kirk.
At the conclusion of the hearing, the trial judge commented:
 The other thing is[,] I am not aware of any way that the defendant can appeal a classification. I think it is almost like he is branded for life regardless of what type of rehabilitation he goes through, and how successful he is in attendance or in obtaining rehabilitation. My guess is that the state has the right to reapply for classification at some future time.
 If Mr. Kirk enters any kind of a program, and there is a professional indication that he has not done well, I have no criticism of the Prosecutor's Office in the preparation and presentation of this case. It is totally unrealistic to expect that the Prosecutor's Office will have the time and the funds to have people evaluated to assist the court in making a determination as to whether or not it is likely that an individual is likely to reoffend. That is the responsibility of the state institution that houses them. They have done a woefully inadequate job. [Tr. 44.]
The trial court then concluded that it was not able to determine that Kirk is likely to re-offend and refused to classify him as a sexual predator.
The trial court indicated in its written entry that it had "thoroughly reviewed the recommendation and the relevant criteria pursuant to R.C. 2950.09(C) * * * [and] determine[d] that Defendant Kirk * * * IS NOT a `sexual predator.'"
In its first assignment of error, the state argues that the trial court allowed irrelevant and incorrect matters of law to influence its determination. The state asserts that the trial court should not have considered Kirk's right to appeal his sexual predator classification, the length of his classification and whether the state has a right to re-apply for classification. Kirk argues that the trial court made those comments in reference to Kirk's classification pursuant to the parole board's risk assessment guidelines, not in reference to the court's sexual predator classification. Kirk points out that the trial court discussed the parole board's assessment immediately before the comments at issue. In reply, the state contends that the trial court was referring to the sexual predator classification and not the screening test.
We agree with the state that the trial court intended its comments to refer to a sexual predator classification and the trial court was in error.[1] Both an offender and the prosecutor may appeal the trial court's determination of whether the offender is a sexual predator. R.C. 2950.09(B)(3); State v. Williams (2000), 88 Ohio St.3d 513,519. A sexual predator may seek a determination that he or she is no longer a sexual predator. R.C. 2950.09(D);Williams, at 519. The state may seek sexual predator classification only in specific instances. See, e.g., R.C.2950.09(C)(2); State v. Brewer (1999), 86 Ohio St.3d 160
(an R.C. 2950.09[C][2] sexual predator classification hearing must take place prior to offender's release from confinement).
A sexual predator is defined in R.C. 2950.01(E) as:
 (E) * * * [A] person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
R.C. 2950.09(B)(3) states in part:
 (3) After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. * * *
Thus, the statute requires the court to find by clear and convincing evidence that an offender is likely to commit a sexually-oriented offense in the future. "Stated differently, the standard is whether there exists proof that produces a firm belief or conviction that an offender will more likely than not commit another sex offense in the future." State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported.
In deciding whether a defendant is a sexual predator, the court must consider the following factors set forth in R.C.2950.09(B)(2):
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
The Ohio Supreme Court has held that reliable hearsay, such as a pre-sentence investigation report, may be relied upon by the trial court in a sexual offender classification hearing.Cook, at 425. We see no reason why a post-sentence investigation report is any different from a pre-sentence investigation report. Thus, the trial court may rely upon it.
While the trial court considered the factors set forth in R.C. 2950.09(B)(2), its decision that appellee was not a sexual predator appears to have been influenced by a misunderstanding of the law. As discussed above, a defendant, as well as the state, may appeal a sexual predator determination and, if a defendant is found to be a sexual predator, a petition may be filed with the court for a change in that determination. R.C. 2950.09(D). The state does not have the right to raise this issue again at a later time once the determination has been made. The trial court was further in error in concluding it was the function of DRC to establish that a defendant is a sexual predator. The role of DRC is to send a recommendation to the court that a defendant is a sexual predator, R.C. 2950.09(C)(2); however, the state has the burden of proof by clear and convincing evidence, R.C.2950.09(B(3), and it remains the state's obligation to present sufficient evidence to meet this burden. Given this fundamental confusion as to the law, which appears to have permeated the trial court's decision, we are unable to conclude that the error was harmless. Therefore, appellant's first assignment of error is sustained.
Given the necessity to remand this matter to the trial court for a new hearing, the issues presented by appellant's second assignment of error are not presently before this court and the second assignment of error is overruled as moot.
Therefore, appellant's first assignment of error is sustained, the second assignment of error is overruled as moot, and the judgment of the Franklin County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings consistent with this decision.
BROWN and KLINE, JJ., concur.
KLINE, J., of the Fourth Appellate District, sitting by assignment under authority of Section 6(C), Article IV, Ohio Constitution.
[1] We note that neither party attempted to correct the trial court's misstatements of law.
(98CV-4657) Judgment affirmed in part and reversed (Judge Pfeiffer) in part; and cause remanded with instructions.