OPINION
David Collins was indicted for gross sexual imposition (GSI), a fourth degree felony, and abduction, a third degree felony. Eventually, Collins pleaded guilty to GSI and attempted abduction, a fourth degree felony. The trial court sentenced Collins to consecutive sentences of eighteen months for GSI and ten months for abduction. The trial court also determined that Collins was a sexual predator. The sexual predator determination and sentence prompted this appeal wherein Collins advances three assignments of error.
 1. APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO DUE PROCESS THROUGH THE COURT'S FAILURE TO NOTIFY HIM OF THE SEXUAL PREDATOR HEARING.
Collins claims that his first notice of the sexual predator hearing occurred June 27, 2000, when he appeared for sentencing. In our judgment, this claim is belied by the record. Collins, accompanied by counsel, entered his guilty pleas May 12, 2000. At that time, the following exchange took place between the trial court and Collins:
 THE COURT: Do you also understand that this involves a sexually oriented offense for which you will be required to report to the Sheriff and the Sheriff may be required to inform the community of your crime and address?
Do you understand that?
MR. COLLINS: Yes.
 THE COURT: Now, we're gonna have a hearing at the time of sentencing concerning what level of offender you are in regard to the sexual predator law, and you understand that we'll determine that at that time, is that right?
MR. COLLINS: Yes.
Later, during the same change of plea proceeding, the trial court announced:
 THE COURT: Okay. I accept your plea of guilty, order a pre-sentence investigation. The sentencing shall be Monday, June 26, 2000 at 1:30 P.M. That's June 26th at 1:30.
As it pertains to this assignment, R.C. 2950.09(B)(1) provides as follows:
 The judge shall conduct the hearing prior to sentencing and, if the sexually oriented offense is a felony, may conduct it as part of the sentencing hearing required by section 2929.19 of the Revised Code. The court shall give the offender and the prosecutor who prosecuted the offender for the sexually oriented offense notice of the date, time, and location of the hearing. At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator.
The above-quoted exchange between the trial court and Collins, in his counsel's presence, was certainly sufficient to apprise Collins and his counsel that the sexual predator hearing and sentencing were to occur at the same time, and of the date and time of those proceedings. There can be no doubt that Collins and his counsel understood where those proceedings were to take place.
As we read R.C. 2950.09(B)(1), Collins was entitled to notice that a sexual predator hearing would take place, and of the date, time, and place of that hearing. The above-quoted exchange satisfied that notice requirement.
We do not read R.C. 2950.09(B)(1) as requiring the notice to include information as to the defendant's rights at such a hearing, as set out in the statute quoted above. We believe our reading is consistent with the following passage from State v. Brewer (1999), 86 Ohio St.3d 160 at 164-5, upon which Collins relies:
 The statutes explicitly provide the offender with due process rights including the right to notice of the date, time, and place of the hearing, and the right to testify, present evidence, and to call, examine, and cross-examine witnesses and expert witnesses. R.C. 2950.09(C)(2); 2950.09(B)(1).
Collins contends that a notice filed May 15, 2000, rescheduling "sentencing" for June 27, 2000, one day after the date announced in open court May 12, was inadequate notice that a sexual predator hearing would also be conducted June 27. We are not persuaded. The May 15 notice rescheduling "sentencing" from June 26 to June 27 was expressly done to accommodate Collins' counsel's scheduling conflict. It is inconceivable that Collins or his counsel believed that the proceedings on the 27th would not be the same as those previously scheduled for the 26th. Furthermore, the transcript of the June 27th sexual predator hearing and sentencing reveal no surprise on the part of Collins or his counsel that a sexual predator hearing was to occur, no objection to its taking place on that date, or request for continuance. After being afforded an opportunity to read the presentence investigation report, Collins' counsel stipulated to it as evidence and entered an exhibit, consisting of several letters, into evidence on Collins' behalf. Collins briefly addressed the trial court.
We find no merit in this assignment and overrule it.
 2. THE COURT IMPROPERLY CLASSIFIED APPELLANT AS A SEXUAL PREDATOR.
In determining that Collins was a sexual predator, the trial court stated from the bench:
 I'm considering all the statutory factors, but the thing that really sticks out in my mind from looking at the Pre-Sentence Investigation, is the pattern of violence against women that I see, in the form of menacing, telephone harassment and assaults and so forth and so on. Menacing by stalking, violation of protective orders. There seems to be a pattern here that's gone on for quite some time, at least since the mid teens, and based upon everything that's before me, I do find that the State has proved by clear and convincing evidence that the Defendant is a sexual predator.
Collins claims that the trial court's reasoning is flawed because his past behavior does not constitute a pattern of violence, that menacing by stalking and telephone harassment may be accomplished without violence, and that his past offenses are not among the sexually oriented offenses enumerated at R.C. 2950.01. Collins further contends that he presented substantial mitigation evidence. He points to several letters written to him while he was in prison by the victim Angela Dye. He claims that some were "graphic and sexually explicit" such that his sexual aggression against Ms. Dye was induced and facilitated by her, and in response to strong provocation. He also contends he did not cause or expect to cause physical harm to Ms. Dye.
A sexual predator is a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E).
It is not essential to a proper determination that one is a sexual predator that he has demonstrated a pattern of violence, that his past offenses include offenses of violence, or that his past offenses include sexually oriented offenses, as defined by statute. What is essential to a proper determination that one is a sexual predator is that (1) the person has been convicted or pleaded guilty to a sexually oriented offense (which is undisputed in this case) and (2) that there is clear and convincing evidence that the person is likely to commit another sexually oriented offense. Having reviewed the PSI upon which the trial court based its determination, we are well satisfied that clear and convincing evidence supports the trial court's determination.
Collins' sexual aggression against Ms. Dye was accomplished by physical violence, threats to rape her and kill her, and a threat to hurt her with a claw hammer he wielded. The offenses against Ms. Dye occurred within a couple of days of Collins' release from prison. Collins was 21 at the time of these offenses.
The PSI revealed numerous delinquency adjudications when Collins was a juvenile and numerous adult convictions. His delinquency adjudications included, but were by no means limited to, threatening his mother with bodily harm at age 14, over 300 harassing and threatening phone calls to a former girlfriend — some threatening physical harm — at age 16, and slapping a girlfriend during an argument at age 17.
Collins' adult convictions included, but were by no means limited to, assaulting this same girlfriend and menacing her by stalking at age 19. He was also convicted of violating a protection order and two counts of telephone harassment at age 19.
Collins has continuously involved himself in criminal activity, abused alcohol, and violated the terms of electronically monitored house arrest — upon which he was frequently placed — resulting in numerous periods of local confinement for his criminal behavior. He has also served a prison sentence.
In short, the evidence establishes that Collins is a chronic troublemaker with poor impulse control who has, on numerous occasions before the instant offenses, manifested violent tendencies against women. Given the considerable number of crimes designated as sexual oriented offenses, Collins' age, and poor record, we conclude that the trial court properly found that Collins is likely to commit a sexually oriented offense in the future.
Collins' mitigation evidence is discussed under the third assignment of error, where we conclude that it was entitled to little, if any, weight on the issue of sentencing. We likewise conclude that it was entitled to little, if any, weight on the question of whether Collins should be classified as a sexual predator.
The second assignment of error is overruled.
 3. THE TRIAL COURT ERRED IN IMPOSING AN EXCESSIVE SENTENCE, UNSUPPORTED BY CLEAR AND CONVINCING EVIDENCE FROM THE RECORD.
Collins contends that the individual sentences are too harsh and that consecutive sentencing was inappropriate.
In determining whether the individual sentences are too harsh, we look to the seriousness and recidivism factors appearing at R.C. 2929.12.
The trial court found that two "more serious" factors were present — R.C. 2929.12(B) — and that no "less serious" factors were present — R.C. 2929.12(C). Collins does not dispute the trial court's determination that two "more serious" factors were present but claims that all three "less serious" factors were present. Collins contends that the victim Angela Dye induced or facilitated the offenses — R.C. 2929.12(C)(1), and that he acted under strong provocation in committing the offenses — R.C. 2929.12(C)(2). Collins relies on a series of letters he received from Ms. Dye which he contends contained sexual overtures from her to him. Assuming that these letters support such an interpretation, the PSI contained ample evidence that on the date of the offenses Ms. Dye did nothing to either induce or facilitate Collins' sexual advances. The last of the letters appears to have been written several weeks before Collins was released from prison. The trial court apparently found that the overtures, if any, contained in those letters were too attenuated from the offenses to be entitled to much, if any, weight. We agree. There is no record support for Collins' contention that he acted under strong provocation. Collins also contends that he did not cause or intend to cause harm to Ms. Dye — R.C.2929.12(C)(3) — but the PSI reveals that he did cause her physical harm, albeit slight.
The trial court found all of the "recidivism likely" factors present — R.C. 2929.12(D) — and none of the "recidivism unlikely" factors present — R.C. 2929.12(E). Collins does not dispute the determination that all "recidivism likely" factors were present, but contends he showed genuine remorse. R.C. 2929.12(E)(5). Although Collins did express remorse, the trial court expressly found to the contrary — R.C. 2929.12(D)(5). Whether Collins' expression of remorse was genuine, i.e., sincere, was a credibility call for the trial court and nothing of record inclines us toward second guessing that determination.
Going to the propriety of consecutive sentences, R.C. 2929.14(E)(4)(C) provides as follows:
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
* * *
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
The trial court's sentencing entry tracks this statutory language. The record amply supports the trial court's finding.
This assignment is overruled.
The judgment will be affirmed.
GRADY, P.J. and FAIN, J., concur.