[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Ulysses R. Zackery, appeals his classification as a sexual predator pursuant to R.C. Chapter 2950. In his sole assignment of error, he contends that the state's evidence was insufficient to support the adjudication. After reviewing the record, we hold that the trial court had sufficient evidence before it to produce a firm belief or conviction that Zackery is likely to commit another sexual offense. Consequently, the court properly found by clear and convincing evidence that Zackery is a sexual predator. See R.C. 2950.09(B)(3); State v. Cook
(1998), 83 Ohio St.3d 404, 700 N.E.2d 570; State v. Lance (Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970282 and C-970283, unreported, affirmed (1998), 84 Ohio St.3d 17, 701 N.E.2d 692.
Zackery also argues that the trial court improperly adjudicated him a sexual predator because he was not incarcerated for a sexually oriented offense at the time of the sexual-predator hearing. He contends that the hearing was not held before his release from prison on the rape offense on which the sexual-predator classification was based, because he had been granted parole in 1984. See State v. Brewer (1999), 86 Ohio St.3d 160,712 N.E.2d 736. However, the record shows that Zackery violated the conditions of his parole by committing a new offense, felonious assault. He returned to prison to serve the sentence he received for the new offense and to complete the sentence for the rape conviction because of the parole violation.
Further, even if he had only been incarcerated on the sentence for the felonious-assault conviction, the result would be the same. The statutes that gave the trial court jurisdiction to adjudicate Zackery a sexual predator require only that the offender must be serving a term of imprisonment in a state correctional institution. They do not require that the offender be serving a term of imprisonment for a sexually-oriented offense. See R.C. 2950.01(G)(3) and 2950.09(C)(1);State v. Wilson (Oct. 26, 2000), Cuyahoga App. No. 77530, unreported;State v. Benson (Aug. 28, 2000), Butler App. No. CA99-11-194, unreported; State v. Naugle (Aug. 30, 1999), Stark App. No. 1999CA00017, unreported. Accordingly, we overrule Zackery's assignment and error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Doan and Winkler, JJ.