ACCELERATED JOURNAL ENTRY AND OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the Cuyahoga County Court of Common Pleas, the briefs and the oral arguments of counsel. In 1987, a jury found defendant John Ingle (the lower court file erroneously refers to him as Engle) guilty of one count of kidnapping, two counts of rape and one count of gross sexual imposition. We affirmed the conviction in State v. Ingle (Apr. 20, 1989), Cuyahoga App. No. 54483, unreported. Defendant was paroled, but reincarcerated on a parole violation. In 1999, just before his release from the parole violation, the state requested that defendant be labeled a sexual predator. After denying defendant's request for the appointment of a psychiatric expert, the court granted the state's motion and found defendant a sexual predator. Defendant's three assignments of error question various aspects of the court's determination.
 I
The first assignment of error complains that the court lacked jurisdiction to find defendant a sexual predator because he had been paroled on the original rape and gross sexual imposition offenses, so he was not imprisoned as required by R.C. 2950.01(G)(3).
Because defendant committed the sexually oriented offenses prior to January 1, 1997, R.C. 2950.09(C)(1) requires, as applicable here, that he be serving a term of incarceration in a state correctional institution. R.C. 2950.01(G)(3) states that the court must make the sexual predator determination prior to the offender's release from imprisonment. See State v. Brewer (1999), 86 Ohio St.3d 160, 165. The issue is whether the term of incarceration must be for the underlying sexually oriented offense.
The court had jurisdiction to conduct the sexual predator hearing because R.C. 2950.01(G)(3) merely requires that the offender be serving a term of incarceration in a state correctional institution. There is no doubt that defendant had been serving a term of incarceration at the time of his hearing. It makes no difference that he had been incarcerated for a parole violation as opposed to the underlying sexually oriented offense. See State v. Goodall (July 6, 2000), Cuyahoga App. No. 76491, unreported; State v. Ballard (Oct. 30, 2000), Stark App. No. 1999-CA-0395, unreported; State v. Johnson (Sept. 24, 1998), Franklin App. No. 97 APA12-1589, unreported. The first assignment of error is overruled.
 II
In his second assignment of error, defendant complains that the court abused its discretion by failing to appoint a psychologist as an expert witness or require a psychological examination. He claims the court's failure amounted to a deprivation of due process because it acted as a de facto bar on any evidence in his favor.
R.C. 2950.09(B)(1) gives an offender the opportunity to * * * call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. R.C. 2959.09(B) does not mandate an expert witness at a sexual predator hearing. In State v. Russell (Apr. 22, 1999), Cuyahoga App. No. 72796, unreported, we said that [e]xpert testimony is among the types of evidence that may be offered by either party at the hearing required under R.C. 2950.09(B)(1), but the language of the statute does not require such evidence * * *.
Sexual predator hearings are civil in nature, so there is some question whether we should apply the law on expert assistance that is used in criminal cases. See, e.g., State v. Woodburn (Mar. 23, 1999), Columbiana App. No. 98-CO-6, unreported. But even if we assume without deciding that the criminal law standard should be used, defendant failed to show that the court abused its discretion by denying him an expert at state expense.
When an accused requests expert assistance at state expense, the court must consider (1) the value of the expert assistance to the defendant's proper representation * * *; and (2) the availability of alternative devices that would fulfill the same functions as the expert assistance sought. State v. Jenkins (1984), 15 Ohio St.3d 164, syllabus. On top of that, the accused must establish the reasonableness of the request:
 At a minimum, the indigent defendant must present the trial judge with sufficient facts with which the court can base a decision. * * * Undeveloped assertions that the proposed assistance would be useful to the defense are patently inadequate. State v. Scott (1987), 41 Ohio App.3d 313, 315.
Defendant's motion for expert assistance contained no facts to show why the proposed assistance would be useful to his proper representation. It made the blanket assertion that these funds are necessary to protect the defendant's rights to due process * * *, but did not develop why those funds were necessary. The bare-bones nature of the motion contained nothing to suggest the court abused its discretion by denying it. The second assignment of error is overruled.
 III
The third assignment of error presents the substantive issue whether clear and convincing evidence supported the court's finding that defendant was likely to engage in sexually oriented conduct in the future. Defendant maintains the court simply looked at the facts surrounding his underlying sexually oriented offense when making its decision.
Both parties correctly state the law governing a sexual predator determination, so it would serve no useful purpose to recite it at length, other than to note that R.C. 2950.01(E) defines a sexual predator as a person who has been convicted of or pled guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
The state properly showed that defendant had been convicted of committing a sexually oriented offense, but it failed to show that defendant is likely to engage in the future in one or more sexually oriented offenses.
The transcript of the unusually short (one and one-half substantive pages) sexual predator hearing contains no evidence to show by clear and convincing evidence that defendant was likely to commit a sexually oriented offense in the future.[1] The only evidence produced at the hearing was the indictment, the victim's statement and the police report. Those documents showed the offenses were committed against defendant's seventeen-year-old baby sitter. Under guise of driving her home, he detoured and by knife point forced the victim to engage in acts of vaginal and oral intercourse. Defendant also forced the victim to masturbate him. The victim was five months pregnant. The state offered no other evidence of sexually oriented offenses, noting that defendant's parole violation arose from a drug offense.
While we have said that the sexual predator statute is not one strike and you're out. See State v. Ward (1999), 130 Ohio App.3d 551, 561, we have taken pains to emphasize our disagreement in principal with any argument that an offender's prior convictions, standing alone, cannot be clear and convincing evidence that an offender is likely to engage in the future in one or more sexually oriented offenses as required by R.C.2950.09 (B)(3). See, also, State v. Griffin (Dec. 18, 2000), Cuyahoga App. No. 77539, unreported. A single sexually oriented offense can be sufficient to show a likelihood of future conduct if the strength of the factors enumerated in R.C. 2950.09(B)(2) establish a firm belief or conviction as to the facts sought to be established. Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
The relevant factors in this case are the victim's age and her pregnancy. Defendant has committed no other sexually oriented offenses, and the presentence report does not suggest the presence of any other factors that might establish his likelihood of committing a future sexually oriented offense. The underlying offense occurred thirteen years ago, and defendant enjoyed some period of freedom after being paroled, without committing any more sexually oriented offenses. Given the presence of only two factors and no other relevant evidence, we find the evidence presented at the predator hearing was insufficient to establish by clear and convincing evidence that the defendant would be likely to commit a sexually oriented offense in the future. We, therefore, remand this matter for further proceedings consistent with this opinion. The third assignment of error is sustained.
Judgment reversed and remanded.
This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and COLLEEN CONWAY COONEY, J., CONCUR.
[1] The state, by way of an admission in argument, concedes that it did not present clear and convincing evidence on the likelihood that defendant would commit sexually oriented offenses in the future. The state went on to request a remand relative to assignment of error three.