{¶ 29} I respectfully acknowledge the position of the majority that the rationale in Miller I (that compliance with R.C. 2950.09(C)(1)(a) is jurisdictional) is incorrect. The majority relies on the interpretation that former R.C. 2950.01(G)(3) — present R.C. 2950.01(G)(4) — confers jurisdiction on the trial courts over sexual predator classification hearings, while R.C. 2950.09(C) merely provides the mechanism for exercising that *Page 9 
jurisdiction. I believe this view ignores the language of the statutes involved, and precedent from the Supreme Court of Ohio.
 {¶ 30} The majority position is derived from the decision of the Ohio Supreme Court in State v. Brewer (1999), 86 Ohio St.3d 160, which consolidated appeals from the Twelfth and Tenth Appellate Districts. In three of the appeals, the Supreme Court affirmed the decisions of the lower courts, that under former R.C. 2950.01(G)(3), for an offender sentenced or pleading guilty to a sex offense prior to January 1, 1997, a determination that the offender was a sexual predator had to be made prior to the offender's release from prison (the fourth appeal concerned proper notification to the offender). This provision was part of former R.C. 2950.01(G)(3). In one of the consolidated cases, State v.Sowards (Mar. 26, 1998), 10th Dist. No. 97APA07-907, 1998 Ohio App. LEXIS 1110, at 8, the Tenth District described its decision in another of the consolidated appeals, State v. Rhodes (Mar. 24, 1998), 10th Dist. No. 97APA06-793, 1998 Ohio App. LEXIS 1112, as determining that "the language of R.C. 2950.01(G)(3) was jurisdictional in providing only for pre-release classification."
 {¶ 31} This language in Sowards appears to be the primary basis for the subsequent view that jurisdiction to hold sexual predator classification hearings regarding pre-1997 offenders springs from former R.C. 2950.01(G)(3), present R.C. 2950.01(G)(4). On the consolidated appeal, the Supreme Court effectively held that, reading former R.C.2950.01(G)(3) and former R.C. 2950.09(C)(2) (concerning sexual predator classification hearings) together required that such hearings be held prior to an offender's release from prison — even though former R.C.2950.09(C)(2) set no time limits for such hearings. In effect, the Supreme Court held that, due to the language in *Page 10 
former R.C. 2950.01(G)(3) mandating that pre-1997 offenders be adjudicated sexual predators prior to release, the R.C. 2950.09(C)(2) hearing had to be held prior to release. Brewer, supra, at 164-165. Nothing in the Supreme Court's decision indicates that jurisdiction in sexual predator classification hearings proceeds solely from former R.C.2950.01(G)(3), present R.C. 2950.01(G)(4).
 {¶ 32} The position of the majority, and that of similar appellate opinions, ignores the authority of State ex rel. Bruggeman v.Ingraham (1999), 87 Ohio St.3d 230, announced some four months followingBrewer. In Bruggeman, the Ohio Supreme Court was presented with an appeal from a denial of a writ of prohibition by the Third Appellate District. Appellant's principal argument in support of his petition below was that the trial court lacked jurisdiction to hold a sexual predator classification hearing, since the ODRC had failed, pursuant to former R.C. 2950.09(C)(1), to submit to the trial court a recommendation that he be so classified. Bruggeman at 231-232. The Third District held that the trial court had jurisdiction to hold the hearing, and that Bruggeman could appeal from that determination. Id. at 230-231.
 {¶ 33} Affirming the Third District, the Supreme Court held that a sexual predator hearing could only be held if the procedural requirements of R.C. 2950.09(C) were met. Bruggeman at 232. However, the court held that, "[nevertheless, * * * it is premature to presume that [the trial court] will proceed unlawfully. Therefore, [the trial court] does not patently and unambiguously lack jurisdiction so to proceed, and Bruggeman has an adequate remedy by appeal to contest any subsequent adverse judgment." Id. (Emphasis sic.) *Page 11 
 {¶ 34} Under Bruggeman, compliance with R.C. 2950.09(C)'s notification requirements is jurisdictional. I believe the present form of R.C. Chapter 2950 emphasizes, rather than diminishes, the jurisdictional aspect of R.C. 2950.09(C). Under former R.C. 2950.01(G)(3), the time limits for holding a sexual predator classification hearing were contained, effectively, in that section (i.e., the adjudication had to occur prior to the offender's release from prison). Presently, the time limits for holding the hearing-the principal basis for the determinationthat former R.C. 2950.01(G)(3) was jurisdictional, Sowards, supra, at 8 — are now set forth at R.C. 2950.09(C)(2)(a).
 {¶ 35} Consequently, I concur in judgment only. *Page 1