OPINION
James Wombold II appeals from an adjudication that he is a sexual predator. Appointed appellate counsel has filed an Anders brief, and Wombold has filed a pro se brief wherein he asserts six assignments of error.
"1. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY FAILING TO ENFORCE THE CONTRACTUAL NATURE OF THE AGREEMENT BETWEEN THE STATE OF OHIO AND THE APPELLANT."
Wombold contends that his being subjected to a sexual predator adjudication violates the plea bargain he entered into in 1994, pursuant to which he pleaded guilty to one count of attempted rape and one count of gross sexual imposition of a fourteen-year-old boy in return for the dismissal of several other charges. He correctly observes that classification as a sexual predator is outside the four corners of the plea bargain. We dealt with this same issue in State v. Buelow (May 19, 2000), Montgomery App. No. 18037 where, as here, the defendant's plea bargain predated the enactment of R.C. 2950.01 et seq. Overruling the assignment of error, we stated:
 ". . . we conclude that the sexual offender classification and registration requirements of R.C. 2950.01, et seq. are merely collateral consequences of a plea of guilty to a sexual offense; they do not need to be made part of a plea bargain."
The first assignment of error is overruled.
"2. THE TRIAL COURT ERRED IN FAILING TO PERMIT THE APPELLANT TO HAVE AN OPPORTUNITY TO BE HEARD, CONFRONTED WITH WITNESSES AGAINST HIM, HAVE THE RIGHT TO CROSS-EXAMINE, AND TO OFFER EVIDENCE OF HIS OWN AND IN PERMITTING THE USE OF HEARSAY EVIDENCE IN DETERMINING WHETHER A PERSON CONSTITUTES A THREAT OF BODILY HARM TO THE PUBLIC: IN THAT THIS IS A NEW FINDING OF FACT THAT WAS NOT AN INGREDIENT OF THE OFFENSE CHARGED."
Under this assignment, Wombold contends he was not accorded the hearing required by R.C. 2950.09(B)(1). Specifically, he contends the trial court refused to allow him to call witnesses and/or elicit certain testimony from those witnesses. (For reasons not clear from the record, Wombold represented himself at the hearing, assisted by a court appointed lawyer who served as legal advisor).
"Sexual predator" is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E). The issue for determination at the R.C. 2950.01(B)(1) hearing is "whether the offender is a sexual predator."
The trial court's adverse evidentiary rulings were based on its judgment that Wombold's questions did not seek relevant information and that his proffers of evidence did not allude to relevant information. Essentially, the trial court reasoned that Wombold having pleaded guilty to sexually oriented offenses, the only inquiry was Wombold's future behavior. In other words, the R.C. 2950.09(B)(1) hearing was not a proper forum within which to attack the underlying plea of guilty to or conviction of sexually oriented offenses.
Wombold asserts on appeal that he wasn't attempting to challenge the underlying convictions because he was willing to plead guilty if he would be placed on probation. If placed on probation, he contends he would not have been subject to sexual predator classification because disposition of his offenses occurred before the effective date of R.C. 2950.01 et seq. and he would not have been incarcerated as of the effective date of Chapter 2950. If this is what Wombold was attempting to demonstrate, neither Wombold nor his legal counsel made this apparent to the trial court.
The trial court sustained objections to questions put to Wombold's trial counsel (1) as to counsel's opinion about Wombold's state of mind when he pleaded guilty, (2) as to whether counsel's associate had promised him probation, and (3) as to whether counsel would have encouraged his associate to seek probation had counsel thought Wombold might reoffend.
Wombold next sought to call the victim's mother. Wombold proffered that "I think she was privy to some of the discussions with the prosecutor and the victim's advocate . . . there's a number of letters that she wrote that substantially contradicts the victim's impact statement. . . ." Wombold's court appointed legal advisor proffered that the victim's mother continued to have contact with Wombold and could provide insight into what he was like at present. When the legal advisor said this insight was based on correspondence, the trial court admitted letters and affidavits from the victim's mother that Wombold sought to admit.
The trial court refused to allow Wombold to call a friend of the victim's family, the victim's stepfather, and the victim himself on the question of whether the victim had recanted.
Finally, the trial court sustained objections to Wombold's questions to his trial counsel's associate (1) as to whether he had previously stated the victim's family was not opposed to probation, (2) as to whether he had previously stated the prosecutor was not opposed to probation (3) as to whether no one was concerned with reoffending at the time of Wombold's plea, (4) as to his instructions to Wombold about the plea proceeding, (5) as to off-the-record discussions with the court and prosecutor, (6) as to whether he stated he would submit a statement under separate cover, (7) as to whether the prosecutor and family agreed probation was appropriate, and (8) as to Wombold's state of mind at the time of the plea.
In our judgment, the trial court properly construed the parameters of an R.C. 2950.09(B)(1) hearing and its evidentiary rulings were consistent with that construction.
To the extent that Wombold claims that the trial court based its determination on hearsay, suffice it to say that reliable hearsay is admissible in sexual predator hearings. State v. Cook (1998),83 Ohio St.3d 404, 425. Furthermore, Wombold had subpoenas served on both Dr. Barna and Dr. Dyer, whose reports were before the trial court, and he could have cross-examined them, but he decided not to call them to the witness stand. There was no limitation of Wombold's cross-examination of the state's only live witness.
Wombold also seems to argue that the hearing was deficient because sexual predator classification involves additional punishment. The supreme court has held that such a classification does not constitute punishment. Cook, supra, 417-423; State v. Williams (2000),88 Ohio St.3d 513, 529. More important, however, is our determination that the hearing afforded Wombold did comport with R.C. 2950.09(B)(1).
The second assignment is overruled.
"3. THE TRIAL COURT ERRED IN THAT THE PROCEEDING WAS BARRED BY THE STATUTE OF LIMITATIONS."
Neither one of the statutes of limitation cited in support of this assignment apply to these proceedings. R.C. 2901.13 deals with commencement of prosecution. R.C. 2305.07 deals with bringing causes of actions based on contracts not in writing or liabilities created by statute. We agree with the state that the only relevant time requirements for a person in Wombold's situation are as set forth in State v. Brewer
(1999), 86 Ohio St.3d 160: (1) the sexual predator hearing must take place before the offender is released from confinement; (2) the hearing must be scheduled far enough in advance of the offender's release date to enable officials to satisfy their statutory notification duties.
The third assignment is overruled.
"4. THE TRIAL COURT ERRED IN FAILING TO HOLD THAT R.C. CHAPTER 2950 IS VOID IN ITS ENTIRETY AS APPLIED TO THE APPELLANT."
Under this assignment, Wombold asserts that R.C. 2950.01 et seq., as applied to him, violates Section 1, Article I of the Ohio Constitution and Section 10, Article I of the Constitution of the United States (prohibiting ex post facto laws). As the State points out, the Supreme Court of Ohio has rejected both of these assertions. Williams, supra, at 527; Cook, supra.
The fourth assignment is overruled.
"5. THE APPLICATION OF O.R.C. 2950.09 CONSTITUTES AN ILLEGAL EX POST FACTO APPLICATION OF THE LAW SINE (sic) THE `SEXUAL PREDATOR' CLASSIFICATION AND THE ATTENDENT (sic) REGISTRATION AND NOTIFICATION PROVISIONS CONTAINED IN O.R.C. CHAPTER 2950 ARE UNCONSTITUTIONAL AS APPLIED TO THE APPELLANT."
Under this assignment, Wombold continues to assert that R.C. 2950.01 et seq. is an ex post facto law. We have rejected this assertion, supra. Wombold also asserts that R.C. 2950.01 et seq. violates the Retroactivity Clause of Section 28, Article II of the Ohio Constitution. The Supreme Court of Ohio rejected this assertion in Cook, supra.
The fifth assignment is overruled.
"6. APPELLANT'S SEXUAL PREDATOR CLASSIFICATION IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE WHEN IT IS BASED SOLELY UPON EVIDENCE OF THE CIRCUMSTANCES SURROUNDING THE SEXUALLY ORIENTED OFFENSES AND DISCLOSED NOTHING MORE THAN WHAT WAS KNOWN BEFORE THE HEARING."
Under this assignment of error, Wombold first contends that the trial court based its decision on stale evidence.
The state's only witness was Probation Officer Mary Williams, who prepared the H.B. 180 screening instrument from the 1994 psychological evaluations of Dr. Barna and Dr. Dyer. While it is true that these reports are several years old, the court was not completely reliant upon these reports. The institution summary report, dated 5-9-2000, stated that Wombold was an "untreated sex offender" who was not currently involved in any programs or on the waiting list for any programs. Furthermore, the trial court noted that Wombold had refused to cooperate in an effort to obtain an updated psychological report in June, 2000. Wombold can hardly complain about the trial court's reliance on stale evidence when he resisted efforts to obtain more current evidence. Furthermore, it is clear that Ms. Williams' recommendation that Wombold be designated a sexual predator was based upon the Barna and Dyer reports, which were before the trial court. She did not claim to have any psychiatric or psychological expertise.
Wombold also makes certain accusations about Dr. Barna and one of his defense counsel but these accusations are not demonstrated in the record before us.
Finally, Wombold claims that the state failed to establish by clear and convincing evidence that he is a sexual predator.
The trial court identified the evidentiary factors that informed its determination that Wombold is a sexual predator.
Wombold's adult criminal record consists of a conviction for attempted receiving stolen property. He admitted to Dr. Dyer that he was involved in "multiple B E's, multiple grand thefts and `safe cracking'" as a juvenile. He also received diversion as an adult for illegal transportation of a firearm and endangering a minor.
Dr. Dyer reported Wombold is the sort of person who denies serious psychological problems, rationalizes, projects blame onto others, and accepts no responsibility for his actions. As such, this sort of person is not receptive to traditional psychotherapy. She concluded that Wombold "may, in fact, be a confirmed fixated pedophile." Dr. Barna also concluded that Wombold is a pedophile, based on Wombold's own admissions to Dr. Barna. Despite his pedophilia, Wombold has sought no treatment for this condition since he has been incarcerated.
The sex offenses to which Wombold pleaded guilty involved the threat of physical harm — squeezing the victim's testicles "real hard" — and picking a victim who was "small" and "weak."
Wombold was a regular abuser of drugs and alcohol at the time of his offenses, and it would appear that heavy consumption of drugs and alcohol played a causative role in Wombold's committing these offenses. Nevertheless, Wombold staunchly insists he has no substance abuse problem and has sought no treatment for substance abuse.
It is clear from both psychological reports that Wombold requires treatment for his substance abuse and pedophilia. Implicit in these reports is the opinion that without treatment, Wombold is likely to again commit sexually oriented offenses. Wombold having received no such treatment, we conclude that the trial court reasonably concluded that the evidence that Wombold is a sexual predator is clear and convincing.
The trial court admitted two letters and two affidavits of the victim's mother and one affidavit of the victim's stepfather, the first of which is dated about fifteen months after Wombold was sentenced. These letters and affidavits were to the effect that they did not oppose shock probation or parole. Notably, the mother's first letter anticipated Wombold would "continue his therapy" if released from prison. According to Wombold's account of the evening the offense occurred, he and the victim's mother and stepfather were smoking marijuana together earlier in the evening, and he and at least the stepfather consumed a considerable amount of beer thereafter. All things considered, the trial court could have reasonably afforded these letters little weight in determining whether Wombold was a sexual predator.
The sixth assignment is overruled.
Pursuant to our responsibilities under Anders v. California (1966),386 U.S. 738, we have independently reviewed the entire record on appeal and conclude, as did appointed appellate counsel, that there are no arguably meritorious issues for appellate review.
The judgment is affirmed.
GRADY, J. and YOUNG, J., concur.